UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

M.O.C.H.A. SOCIETY, INC., et al.,

_____Plaintiffs,

                    -vs-                                   98-CV-99C
                                                          ("*M.O.C.H.A.* I")

CITY OF BUFFALO, et al.,

                              Defendants.

_____

        The City of Buffalo has filed a motion in this action (Item 292), and in two other

actions pending in this court (*United States v. City of Buffalo*, No. 74-CV-195, Items 544,

545 and 550 (the "Fire Case")), and *M.O.C.H.A. v. City of Buffalo*, No. 03-CV-580, Item 57

("*M.O.C.H.A.* II")), seeking an order preliminarily enjoining certain Buffalo firefighters and

their attorneys from further prosecuting or participating as plaintiffs in an action in New

York State Supreme Court known as *Margerum, et al. v. City of Buffalo, et al.*, Index No.

1462/2007.  Upon consideration of the matters set forth in the City's application, the motion

is granted.

        In the *M.O.C.H.A.* cases, a group of African-American firefighters challenge the

City's policy for promoting firefighters to the rank of lieutenant from civil service eligibility

lists which were generated based upon the results of a promotional examination

administered by the City in 1998, and again in 2002 (referred to herein as the "1998

Lieutenant's Exam").  The cases have been actively litigated in this court for many years,

and the court has ruled on a multitude of pretrial and dispositive issues--most recently, in

No. 98-CV-99, denying the parties' cross-motions for summary judgment at the close of all

discovery (*see* Item 291, entered November 9, 2007).  The matter is now postured for trial, with a focus on determining whether the 1998 Lieutenant's Exam was "job related for the position in question and consistent with business necessity" as required under federal statutory and constitutional law.  42 U.S.C. § 2000e-2(k)(1)(A)(I).

In the *Margerum* action in state court, several White firefighters whose names were on the civil service eligibility lists generated from the results of the City's 2002 administration of the Lieutenant's Exam have challenged the City's decision to let those eligibility lists expire and "to move forward with developing new eligible lists based on a new examination, rather than to continue to appoint firefighters from lists based on an exam series that is subject to two pending federal, purported class-action, employment discrimination challenges" (Affidavit of Leonard Matarese, Item 293, Ex. E, ¶ 3).  These same firefighters initially petitioned for relief under N.Y.C.P.L.R. Article 78 claiming that the expiration of the eligibility lists violated New York Civil Service Law, but State Supreme Court Justice John A. Michalek denied the petition to the extent it sought to have the lists reinstated.  *See Hynes v. City of Buffalo*, Index No. 11989/2005 (N.Y. Sup. Ct. December 20, 2006) (copy attached as Ex. G to Item 293).  The *Margerum* complaint was then filed in February 2007, in which the plaintiffs allege that the City's determination to expire the eligibility lists not only violates the state Civil Service Law, but also has resulted in unlawful discrimination based upon race in violation of the state Human Rights Law and the equal protection and due process clauses of the state constitution (*see generally Margerum* Complaint, attached as Ex. F to Item 293).

The City defendants moved to dismiss or stay the *Margerum* action, arguing that the remedies sought by the White firefighters in that action (*i.e.*, reinstatement to their promotional positions on the expired lists, and damages) are diametrically opposed to the remedies sought in federal court by the African-American firefighters in the *M.O.C.H.A.* cases. In response, the *Margerum* plaintiffs cross-moved for partial summary judgment in their favor on liability. On September 10, 2007, Justice Michalek issued a Memorandum Decision and Order in which he denied the City's motion to dismiss or stay the action, and granted the plaintiffs' motion for partial summary judgment, finding as follows:

> It is clear that the [City] let the lists expire as a result of a race based or race conscious decision due to concern as to what might be the outcome of a Federal litigation.
>
> Even when race based or race conscious decisions are allowed under the law, they are only permitted where the government has a compelling interest in [sic] and where the decision is narrowly tailored to achieve that compelling interest.
>
> Here, there is simply no evidence of either requirement being met. Rather than relying on compelling government interest, at best, [the City] relied on speculation as to a future outcome in a Federal matter. Rather than engaging in "narrow tailoring", the [City] herein took broad-sweeping and drastic action in allowing the list and/or lists to expire.
>
> Under these facts and the applicable law, the Plaintiffs are entitled to judgment as a matter of law on the issue of liability.

*Margerum, et al. v. City of Buffalo*, Index No. 1462/2007, at 4 (N.Y. Sup. Ct. September 10, 2007) (copy attached as Ex. A to Item 293).

On November 15, 2007, following this court's denial of the parties' cross-motions for summary judgment in *M.O.C.H.A.* I, the City filed the present motion for preliminary injunctive relief in the *M.O.C.H.A.* cases, and in the Fire Case, seeking an order enjoining

the *Margerum* plaintiffs from proceeding any further in the state courts[1] until the federal court has determined whether the City's administration of the 1998 Lieutenant's Exam violated the *M.O.C.H.A.* plaintiffs' civil rights under federal law.  The City contends that a preliminary injunction is warranted, and available under the federal All Writs Act, because any relief granted by the state courts in *Margerum* could effectively preclude this court's ability to fully adjudicate or otherwise fashion an appropriate remedy in the *M.O.C.H.A.* actions, and in addition, could place the City at risk of violating the longstanding remedial consent decree in the Fire Case.

The All Writs Act provides the federal courts with broad authority to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651.  The courts have often relied upon this provision to enjoin actions pending in state court "where necessary to prevent relitigation of an existing federal judgment, notwithstanding the fact that the parties to the original action could invoke *res judicata* in state courts against any subsequent suit brought on the same matters."  *In re Baldwin-United Corp.*, 770 F.2d 328, 335 (2d Cir. 1985).   Even where no judgment has been entered in the federal court, an All Writs Act injunction is available when "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case."  *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive*

---

[1]The City's motion, as filed, also sought to enjoin the *Margerum* plaintiffs from proceeding any further on their application pending in the Appellate Division, Fourth Department, for a preliminary injunction "to stay the [City]'s administration of civil service examinations for hiring or promotional appointments for positions with the City of Buffalo Fire Department" (Item 293, Ex. H).  By order dated November 28, 2007, the Fourth Department denied the *Margerum* plaintiffs' application, and the City has withdrawn its motion in this regard.

*Engineers*, 398 U.S. 281, 295 (1970), *quoted in In re Baldwin-United Corp.*, 770 F.2d at 335; *see also Federated Conservationists of Westchester County, Inc. v. City of Yonkers*, 117 F. Supp. 2d 371, 379-81 (S.D.N.Y. 2000) (All Writs Act provides authority for removal of state court action which threatened integrity of longstanding remedial order in housing desegregation case), *aff'd*, 26 Fed.Appx. 84 (2d Cir. 2002).

The authority granted to the federal court by the All Writs Act includes the power to "issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *Sheet Metal Contractors Ass'n v. Sheet Metal Workers' Int'l Ass'n*, 157 F.3d 78, 82 (2d Cir.1998) (quoting *General Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 401 (1982)).  This authority "is plainly broad and, on its face, makes no distinction between parties and nonparties.   Indeed, the Act's reference to writs issued 'in aid of . . . jurisdiction[ ]' encompasses orders imposed against third parties to the extent such parties are poised to interfere with the implementation of a prior judicial order." *United States v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO*, 266 F.3d 45, 50 (2d Cir. 2001).  As stated by the Second Circuit:

> An important feature of the All Writs Act is its grant of authority to enjoin and bind non-parties to an action when needed to preserve the court's ability to reach or enforce its decision in a case over which it has proper jurisdiction. The power to bind non-parties distinguishes injunctions issued under the Act from injunctions issued in situations in which the activities of the third parties do not interfere with the very conduct of the proceeding before the court.

*In re Baldwin-United Corp.*, 770 F.2d at 338 (citations omitted); *see also United States v. New York Telephone Co.*, 434 U.S. 159, 174 (1977) ("The power conferred by the Act, extends, under appropriate circumstances, to persons who, though not parties to the

original action or engaged in wrongdoing, are in a position to frustrate the implementation

of a court order or the proper administration of justice, and encompasses even those who

have not taken any affirmative action to hinder justice.") (citations omitted).

However, this authority is not unlimited.  Specifically, the Anti-Injunction Act prohibits

a federal court from enjoining state court proceedings unless "expressly authorized by Acts

of Congress, or where necessary in aid of jurisdiction, or to protect or effectuate its

judgments."  28 U.S.C. § 2238.  "The Anti-Injunction Act's animus is clearly rooted in

federalism concerns--a desire to avoid tension and preserve comity between the federal

and state courts."  *Burr & Forman v. Blair*, 470 F.3d 1019, 1028 (11th Cir. 2006).  Thus,

"[t]he question of whether to stay proceedings in a state court is never one to be taken

lightly, as it impinges on the very delicate balance struck between the federal and state

judicial systems."  *Wesch v. Folsom*, 6 F.3d 1465, 1469 (11th Cir. 1993).

In addition, the Supreme Court has cautioned that an All Writs Act injunction is an

"extraordinary remedy" which should be used "sparingly and only in the most critical and

exigent circumstances.  It is only appropriate  where (1) [n]ecessary or appropriate in aid

of [the court's] jurisdictio[n], and (2) the legal rights at issue are indisputably clear."

*Wisconsin Right to Life, Inc. v. Federal Election Commission*, 542 U.S. 1305, 1306 (2004)

(internal quotation marks and citations omitted).

As the parties are well aware, this court has a long and complicated history of

dealing with the many issues faced by the City of Buffalo when called upon to hire and

promote firefighters.  Importantly, the City has been--and remains--under the compulsion

of this court's remedial order in the Fire Case permanently enjoining the City "from

engaging in any act or practice with respect to hiring, assignment, promotion, transfer,

training or compensation which has the purpose or effect of discriminating against any employee or future employee of, or any applicant or potential applicant for employment with, the Buffalo Fire Department because of such individual's race, sex or national origin . . . ." *United States v. City of Buffalo*, 1978 WL 208, at *1 (W.D.N.Y. December 11, 1978) (Final Decree and Order entered November 23, 1979; copy attached as Ex. B to Item 293). Accordingly, the conclusion is inescapable that any relief granted by the state courts which would require the City to make promotional appointments on the basis of selection criteria of questionable constitutional validity runs the risk of frustrating the implementation of this court's longstanding remedial decree under its continuing jurisdiction in the Fire Case.

Based on the circumstances presented on this application, and considering the court's prior experience in dealing with the Buffalo Fire Department's hiring and promotional needs in light of the requirements of the remedial decree and the issues being litigated in the *M.O.C.H.A.* cases, the court is satisfied that it retains full authority and considerable flexibility to fashion appropriate and necessary relief notwithstanding the risk of conflicting directives posed by the proceedings pending in the state courts. *See, e.g.*, No. 98-CV-99, Item 93 (7/23/01 Order finding balance of equities, including City's interest in public safety, favored allowing promotions to go forward notwithstanding pending challenge to validity of 1998 Lieutenant Exam). In addition, the court remains mindful of the state court system's coexistent authority to decide constitutional issues and tailor its relief according to the needs and requirements of parties acting under the force and effect of a federal court remedial decree, consistent with the principles of comity as embodied by the Supremacy and Full Faith and Credit Clauses.

-7-

However, having expended considerable litigation resources in the *M.O.C.H.A.* cases over the past several years, the court and the parties are now poised for final determination of the factual and legal questions presented with respect to the validity of the 1998 Lieutenant's Exam.  While these questions may be, in many respects, quite distinct from the specific issues facing the state trial and appellate courts in the *Margerum* proceedings, there is undoubtedly considerable overlap with respect to the City's promotion of firefighters from the civil service eligibility lists developed on the basis of the results of that Exam, as well as its legal justification for expiring those lists and developing new promotion criteria.

As suggested by Justice Michalek's September 10, 2007 ruling, there is a significant risk that the state court could order relief in favor of the *Margerum* plaintiffs (such as reinstatement of the expired lists, ordering promotions, and awarding damages) which might then be subject to some type of corrective order from this court should the federal trial result in a judgment in favor of the *M.O.C.H.A.* plaintiffs.  This possibility of incompatible relief is real, not speculative, and presents the City with the untenable prospect of having to expend scarce financial resources on collateral litigation to undo any conflicting remedies ordered as the result of inconsistent state and federal court judgments.

Moreover, the court is extremely hesitant to allow any course of action to proceed which could have a negative effect on the City's substantial efforts to develop and administer entry-level and promotional examinations addressing the personnel needs of the Fire Department in accordance with the requirements of state and federal law, and

within budgetary constraints.  Indeed, this is precisely what is required under the remedial decree in the Fire Case.

Based on this analysis, the court finds that the circumstances presented, considered in conjunction with the concerns of comity, justify the "extraordinary remedy" of an order pursuant to the authority of the All Writs Act enjoining the *Margerum* plaintiffs from seeking further relief in the state court pending the outcome of trial in this case on the issue of whether the City's promotion of firefighters based on the results of the 1998 Lieutenant's Exam violated the *M.O.C.H.A.* plaintiffs' federal rights.  In the absence of such an order, any relief granted in *Margerum* could jeopardize not only this court's ability to fully adjudicate or otherwise fashion appropriate remedies in the *M.O.C.H.A.* actions, but also the City's efforts to develop nondiscriminatory employment selection and promotion criteria in accordance with the remedial decree, and as required by federal law.  Accordingly, an All Writs Act injunction is necessary in aid of the court's continuing jurisdiction over the issues involved in the hiring and promotion of Buffalo firefighters, and to protect or effectuate its orders and judgments in this regard, without the need for further submissions or argument.[2]

To this end, the City's application for preliminary injunctive relief (Item 292) is granted to the extent it seeks to enjoin the plaintiffs in *Margerum, et al. v. City of Buffalo, et al.*, Index No. 1462/2007, and their attorneys, from proceeding any further in the state

_____

[2]As recognized by the Second Circuit in *In re Baldwin*, the requirements for the issuance of preliminary injunctions prescribed by Fed. R. Civ. P. 65 do not apply to injunctions issued under the All-Writs Act against non-parties whose actions would impair the court's jurisdiction.  Rather, "the requirements of the All-Writs Act are satisfied if the parties whose conduct is enjoined have actual notice of the injunction and an opportunity to seek relief from it in the district court."  *In re Baldwin*, 770 F.2d at 340.

courts pending the outcome of the trial in this action, *M.O.C.H.A. v. City of Buffalo*, No. 98-CV-99, which by this order is now scheduled to commence on Monday, June 30, 2008.

The Clerk of the Court is directed to enter a copy of this order on the docket in No. 74-CV-195 (dealing with Items 544, 545 and 550) and No. 03-CV-580 (dealing with Item 57), and to mail a copy of this order to Andrew P. Fleming, Esq., attorney for the *Margerum* plaintiffs, at the following address:

Chiacchia & Fleming, LLP
5113 South Park Avenue
Hamburg, NY 14075

So ordered.

\s\ John T. Curtin

JOHN T. CURTIN
United States District Judge

Dated:  December 13    , 2007
p:\pending\98-99.dec11.07

-10-