UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

M.O.C.H.A. SOCIETY, INC., et al.,

                                Plaintiffs,

            -vs-

CITY OF BUFFALO,                                            98-CV-99-JTC

                                Defendant.

EUGENE MARGERUM, et al.,

                                Intervenors.

---

On February 21, 2008, this court issued an order granting the motion of thirteen plaintiffs in a state court action entitled *Margerum, et al. v. City of Buffalo, et al.*, Index No. 1462/2007 (N.Y.Sup.Ct., Erie Co.), to intervene in this action for the purpose of appealing this court's December 19, 2007 order enjoining the prosecution of their claims in state court, and to otherwise protect their interests in the subject matter and outcome of this litigation (*see* Item 319). On March 18, 2008, the intervenors filed a motion for a preliminary injunction seeking to enjoin the City from making any further appointments to the promotional positions of Fire Lieutenant or Fire Captain until after this court's December 19, 2007 order expires or, alternatively, until that order is vacated by the Second Circuit Court of Appeals (*see* Item 322).

For the following reasons, the intervenors' application for preliminary injunctive relief is denied.

The standard for obtaining preliminary injunctive relief is clear. The intervenors must show both (a) irreparable harm, *i.e.*, that they will suffer "actual and imminent" harm should the injunction not issue, and (b) either (1) likelihood of success on the merits or (2) sufficiently

serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.  *See Blum v. Schlegel*, 18 F.3d 1005, 1010 (2d Cir. 1994); *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979).  The intervenors can show neither (a) nor (b).

The intervenors contend that injunctive relief is necessary to prevent the Fire Department from making any further promotional appointments based on a newly developed civil service exam series, and to preserve their rights derived from the now-expired promotional list which was based on the City's administration of the 1998 Lieutenant's Exam.  However, in a previous ruling on a similar request for injunctive relief made by the plaintiffs in this case, the court indicated its reluctance to interfere with the City's substantial interest in making supervisory appointments necessary to maintain the public safety, particularly when balanced against individual firefighters' rights to promotional opportunities (*see* July 23, 2001 Order, Item 93).  There is nothing contained in the present application, or in the record before the court, to suggest that a different balance should be struck now.

Likewise, the intervenors have made no showing of actual and imminent harm in the absence of an injunction that could not be remedied by a future award of money damages (*see id.* at 3, citing *Jayaraj v. Scappini*, 66 F.3d 36 (2d Cir. 1995)).

Moreover, the state court has made it clear that  it does not have the power to order reinstatement of an expired civil service eligible list, which comprises a significant aspect of the relief sought in the *Margerum* action (*see* Transcript of March 6, 2008 Ruling, Item 328, Ex. B, pp. 12-13).  In the absence of any further showing by the intervenors in connection with the current motion, the court must conclude that the intervenors have failed to demonstrate a

substantial likelihood of success on the merits of their claim to promotional rights based on the expired list.

Finally, it bears reiteration that preliminary injunctive relief is "a drastic remedy that should not be routinely granted." Item 93, pp. 2-3 (citing *Medical Society of State of New York v. Toia*, 560 F.2d 535, 538 (2d Cir. 1977)); *see also Hewes v. Abrams*, 718 F. Supp. 163, 165 (S.D.N.Y.), *aff'd*, 884 F.2d 74 (2d Cir. 1989). Indeed, where the injunction is sought against governmental action, the Second Circuit has required "a strong showing of entitlement" to the relief sought, "at least where the injunction stays governmental action taken in the public interest pursuant to a statutory scheme, or the injunction might adversely affect the public interest in a manner which cannot be compensated for by an injunction bond[.]" *Time Warner Cable of New York City, a division of Time Warner Entertainment Co., L.P. v. Bloomberg L.P.*, 118 F.3d 917, 923 (2d Cir. 1997) (internal quotations and citations omitted). No such showing has been made here.

Accordingly, the intervenors' motion for preliminary injunctive relief (Item 322) is denied.

So ordered.

           \s\ John T. Curtin
           JOHN T. CURTIN
           United States District Judge

Dated: May 2 , 2008
p:\pending\98-99.apr30.08