UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

M.O.C.H.A. SOCIETY, INC., et al.,

_____Plaintiffs,

        -vs-                           98-CV-99-JTC

CITY OF BUFFALO, et al.,

                         Defendants.

_____

At the close of proof during the bench trial in this matter, plaintiffs moved for permission to take further testimony from their expert witness, Dr. Kevin Murphy, and for related fees and costs, as a sanction against the City of Buffalo for failing to disclose "expert" testimony offered by Dr. Wendy Steinberg. The City responds that sanctions are not warranted because Dr. Steinberg testified at all times as a fact witness, not as an expert witness.

Disclosure of expert testimony is governed by Rule 26(a)(2) of the Federal Rules of Civil Procedure, which provides generally that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R Civ. P 26(a)(2)(A). Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. Rule 701 covers opinion testimony by lay witnesses:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.

These rules were amended in 2000 in an effort "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing."  Fed. R. Evid. 701, advisory committee notes to 2000 Amendments.  As explained in the treatises, the amendments serve a twofold purpose:  first, to ensure "that evidence qualifying as expert testimony under Rule 702 will not evade the reliability scrutiny mandated by the Supreme Court's . . . decision [in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587-88 (1993)]," and second, to provide "assurance that the parties will not use Rule 701 to evade the witness pretrial disclosure requirements of [Fed. R. Civ. P.] 26 . . . ."  WEINSTEIN'S FEDERAL EVIDENCE § 701.03[4][b], at 701-30.

> It is sometimes difficult to distinguish between a lay witness providing Rule 701 testimony and an expert providing testimony under Rule 702, particularly if the witness might otherwise qualify as an expert in his or her field . . . .  An essential difference is that Rule 701 requires direct personal knowledge of a factual matter at issue.   Only then does it allow introduction of a limited degree of opinion testimony to help convey that information and only if the court finds that it would be helpful to the [trier of fact].

> . . .

> The term "expert witness" in Rule 26 refers to those persons who will testify under Rule 702 of the Federal Rules of Evidence with respect to scientific, technical, and other specialized matters.  It does not encompass a percipient witness who happens to be an expert.   The triggering mechanism for application of rule 26's expert witness requirements is not the status of the witness, but, rather, the essence of the proffered testimony.

-2-

> Accordingly, a party need not identify a witness as an expert if the witness played a personal role in the unfolding of the events at issue and the anticipated questioning seeks only to elicit the witness's knowledge of those events.

6 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 26.23[2][a][i], at 26-102-03 (internal quotation marks, citations and footnotes omitted); *see Perez v. Hyundai Motor Co.*, 440 F. Supp. 2d 57, 69 (D.Puerto Rico 2006).

As demonstrated by her testimony in this case, not only is Dr. Steinberg a "percipient witness" who happens to be an expert in the field of vocational test development, she also played a central role in the unfolding of the events at issue as associate personnel examiner for the New York State Department of Civil Service Department with oversight responsibility for the development of the 1998 Lieutenant's Exam. She was deposed by plaintiffs in 2003, and was called by plaintiffs as their principal fact witness at trial to describe the process for determining the questions to be included on the Exam. While her testimony in this regard clearly reflected her "specialized knowledge" as a professional test developer, it was based upon her direct personal involvement in factual matters relevant to the central issues in the case, and will no doubt be "helpful to . . . the determination of a fact in issue . . . ." Fed. R. Evid. 701(b); *cf. United States v. Rigas*, 490 F.3d 208, 224 (2d Cir. 2007) (witness's specialized accounting knowledge did not render his testimony about the propriety of defendant's debt reclassification "expert" since it "reflected his investigatory findings and conclusions, and was not rooted exclusively in his expertise").

After Dr. Steinberg testified, plaintiffs called Dr. Murphy to testify as an expert in the area of employee testing. Dr. Murphy gave his opinion that "the use of [the 1998

Lieutenant's Exam] had disparate impacts and had adverse impact against African-American test-takers" (Item 370, p. 252, lines 10-12), and that the Exam was not properly validated by the test developers because, among other things, the job analysis data relied upon by Dr. Steinberg was inadequate (*see id.* at pp. 260-64), and "there were no studies to demonstrate that this test predicts job performance" (*id.* at p. 274, line 16-17).   In rebuttal (and over plaintiffs' objection; *see, e.g.*, Item 373), Dr. Steinberg gave her interpretation of the statistical information relied upon by Dr. Murphy to calculate disparate impact (*see* Item 377, pp. 311-14), and explained her job analysis and validation efforts in considerable detail (*see id.* at pp. 314-33).

Upon review of the transcripts, the court finds that Dr. Steinberg's rebuttal–like her direct testimony–is based upon personal knowledge obtained as the result of her direct involvement in the events at issue.  To the extent the rebuttal reflects a limited degree of opinion testimony, that testimony conveys pertinent factual information which will be helpful to the court in its determination of the issues presented during the trial.  "Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of [her] position in the business." *Bank of China, New York Branch v. NBM LLC*, 359 F.3d 171, 181 (2d Cir. 2004) (quoting Fed. R. Evid. 701, advisory committee notes to 2000 Amendments).

Accordingly, the court finds that Dr. Steinberg's testimony is not subject to the disclosure requirements of Fed. R. Civ. P. 26(a)(2), and denies plaintiffs' motion for permission to take further testimony (Item 380).

The parties shall simultaneously submit their proposed findings of fact and conclusions of law no later than October 17, 2008.  Responses are due no later than November 3, 2008, at which time the matter will be taken under advisement by the court.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:  September  22   , 2008
p:\opinions\1998\98-99.sep1908