UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

M.O.C.H.A. SOCIETY, INC., et al.,

                                Plaintiffs,

            -vs-                                            98-CV-99C

CITY OF BUFFALO, et al.,

                                Defendants.

---

      In this action, originally filed in February 1998, plaintiffs (an organization of African American firefighters employed by the City of Buffalo Fire Department, and several individual firefighters) claimed that the City's (1) use of a statewide promotional examination administered in March 1998 as a basis for promoting firefighters to the rank of lieutenant (the "1998 Lieutenant's Exam"), and (2) implementation of an employee drug-testing policy, resulted in unlawful disparate impact and intentional discrimination against African American firefighters.  Due to the complex nature of the original pleading, the court directed plaintiffs to file separate amended complaints setting forth the claims relating to the drug-testing program (Complaint "A") and the promotional practices (Complaint "B") (*see* Item 23).

      Following protracted litigation of the promotion issues raised in Complaint "B," including a five-day evidentiary hearing conducted in June-August 2008, this court found that the 1998 Lieutenant's Exam was "job-related for the position and consistent with business necessity," as required under Title VII of the Civil Rights Act to validate the use of the Exam notwithstanding its disparate impact.  *M.O.C.H.A. Society, Inc. v. City of*

*Buffalo*, 2009 WL 604898, at *18 (W.D.N.Y. March 9, 2009).  As a result, the court dismissed Complaint "B" to the extent it sought relief under Title VII based upon disparate impact, leaving unresolved plaintiffs' remaining claim that the City's use of the Exam as the sole criteria for promotion constituted a pattern or practice of intentional discrimination.

The City subsequently moved for summary judgment on this remaining claim, and on May 10, 2010, the court entered an order granting the motion and dismissing Complaint "B" in its entirety (Item 432).  Plaintiffs immediately moved for entry of judgment pursuant to Fed. R. Civ. P. 58(a) (Item 433), but shortly thereafter withdrew that motion upon filing a notice of appeal with the Second Circuit (*see* Items 435, 439).  The parties did not request, and this court therefore did not direct, entry of final judgment pursuant to Fed. R. Civ. P. 54(b) on the claims presented in Complaint "B."

In an order dated April 6, 2011, the Second Circuit dismissed plaintiffs' appeal *sua sponte* for lack of appellate jurisdiction, because "the district court did not direct the entry of final judgment pursuant to Fed. R. Civ. P. 54(b)."  Item 445, Ex. A.

As a result, on April 11, 2011, plaintiffs filed a motion for an order directing the Clerk of the Court to enter final judgment pursuant to Rule 54(b) as to the claims raised in Complaint "B" (Items 444, 445).  The City initially advised the court of its intent to oppose the motion, but recent correspondence indicates that the City has "elected not to submit any opposition . . . [and][t]he parties are now awaiting the District Court's decision on that motion."  Item 451.

Rule 54(b) provides:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly

>  determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

As explained briefly above, this action as originally filed involved two distinct claims for relief–discriminatory promotion policy and practice based on the City's use of the results of the 1998 Lieutenant's Exam, and discriminatory enforcement of the City's employee drug-testing program. The record reflects that, at the time the court directed the parties to separately plead these claims for the sake of clarity and convenience, the court did not specifically enter an order of severance pursuant to Rule 21.[1] However, the court and the parties have proceeded throughout the long history and course of this litigation under the assumption that the cognizable claims in Complaint "A" and Complaint "B" involve completely different legal and factual issues. Clearly, the nature of the claims in Complaint "B," which were finally and fully disposed of by the court's March 9, 2009 and May 10, 2010 orders, "was such that no appellate court would have to decide the same issues more than once" even if there should be a subsequent appeal of the court's disposition of the issues raised in Complaint "A." *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980).

Accordingly, in the absence of any showing to the contrary, the court finds that there is no just reason for delay of appeal of the May 10, 2010 order dismissing Complaint "B" in its entirety. Therefore, in the interest of finality within the meaning of 28 U.S.C. § 1291

---

[1] Rule 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts"), and "in the interest of sound judicial administration," *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956), the Clerk of the Court is now directed to enter "final judgment" in favor of defendants on the claims raised in Complaint "B," pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:   May 23, 2011

p:\pending\1998\98-99.may18.2011